**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOHN STEPHENS, individually,

    Plaintiff,

v.

                                      CASE NO. 8:06-cv-2299-T-30MSS

LOUISVILLE LADDER, INC., a Foreign Corporation, LOUISVILLE LADDER GROUP, LLC., a Foreign Corporation, DAVIDSON MANUFACTURING, a Foreign Corporation, and WAL-MART STORES, INC., a Foreign Corporation,

    Defendants.
_____/

## **ORDER**

This cause comes before the court upon Defendant, Louisville Ladders, Inc.'s Motion to Dismiss Count II (Dkt. 4) and Defendant, Wal-Mart Stores, Inc.'s Motion to Dismiss Count V (Dkt. 7) of the Complaint. Plaintiff has failed to file a response to these motions, therefore this Court will consider Defendants' motions without the benefit of a response.

### **Motion to Dismiss Standard**

When considering a motion to dismiss, this Court must review the Complaint in the light most favorable to plaintiff and construe all allegations in the Complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A court may, however,

dismiss a complaint on a dispositive issue of law. Marshall Cty. Bd. Of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . . However, the alleged facts need not be spelled out with exactitude nor must recovery appear imminent." Quality Foods De Centro America S.A. v. Latin America Agribusiness Development Corp., 711 F.2d 989, 995 (11th Cir. 1983). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgmt. Dist.v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996).

## Discussion

Taking all allegations as true, Plaintiff John Stephens is seeking damages against Defendants Louisville Ladders and Wal-Mart for injuries arising out of a fall from a ladder after two of the ladder legs fractured on or about October 2, 2002. (Dkt. 2).

In the Complaint, Plaintiff alleges Strict Liability (Count I and IV), Breach of Express or Implied Warranties (Counts II and V), and Negligence (Counts III and VI) against both Wal-Mart and Louisville Ladders. Defendants Louisville Ladders and Wal-Mart have filed motions arguing that Count II and V of the Complaint should be dismissed because (1) Plaintiff has failed to allege privity of contract with Louisville Ladders, Inc. or Wal-Mart Stores, Inc. and (2) there was no privity of contract

between Plaintiff and Louisville Ladders, Inc. or Wal-Mart Stores, Inc. (Dkt. 5, 8).

This Court agrees with Defendants' assessment of Plaintiff's breach of warranty claims. Plaintiff has failed to appropriately allege a claim for breach of express warranty. (Dkt. 2). As to implied warranties, the Florida Supreme Court has consistently held that the doctrine of strict liability replaced all no-privity, breach of implied warranty liability claims. Indemnity Ins. Co. of N. America v. American Aviation, Inc., 891 So.2d 532, 539 (Fla. 2004); Kramer v. Piper Aircraft Corp., 520 So.2d 37, 39 (Fla. 1988); West v. Caterpillar Tractor Co., Inc., 336 So.2d 80, 88 (Fla. 1976). A cause of action for breach of implied warranty remains available where the parties are in privity of contract. Kramer, 520 So.2d at 39.

It appears from the allegations that no privity of contract existed between Plaintiff and the Defendants Louisville Ladders and Wal-Mart. Therefore, Plaintiff cannot state a claim for breach of implied or express warranties. As such the claims in Counts II and V will be dismissed.

Defendants' Motions to Dismiss (Dkt. 4 and 7) are **GRANTED**.

It is therefore ORDERED AND ADJUDGED that:

1. Count II of Plaintiff's Complaint as it relates to express or implied warranties is hereby **dismissed**.

2. Count V of Plaintiff's Complaint as it relates to express or implied warranties is hereby **dismissed**.

3. Defendants Louisville Ladders, Inc. and Wal-Mart Stores, Inc. are granted 20 (twenty) days from the date of this Order to file an Answer to the remaining claims in the Complaint.

DONE and ORDERED in Tampa, Florida on April 10, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2006\06-cv-2299.mtd.wpd