UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN STEPHENS,**

    **Plaintiff,**

**v.**                                                            Case No.  8:06-cv-2299-T-30MSS

**LOUISVILLE LADDER, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Partially Unopposed Motion in Limine to Exclude Any Testimony by David Betts Regarding Any Defect In the Ladder (Dkt. #59), Plaintiff's Memorandum of Law in Opposition to Defendants' Partially Unopposed Motion in Limine (Dkt. #71), Defendants' Motion In Limine to Exclude Evidence of Other Accidents, Claims or Lawsuits and Supporting Memorandum of Law (Dkt. #61), and Plaintiff's Memorandum of Law In Opposition to Defendants' Motion in Limine (Dkt. #72), Plaintiff's Motion in Limine and Supporting Memorandum of Law (Dkt. #63), and Defendants' Response and Opposition to Plaintiff's Motion in Limine (Dkt. #70). The Court, having considered the motion, response, exhibits, memoranda, and being otherwise advised in the premises, concludes that Defendants' motions should be granted and Plaintiff's motion should be granted in part and denied in part as stated herein.

Defendants' motion in limine to exclude any testimony by David Betts regarding any defect in the ladder (Dkt. #59) is granted.  Counsel may seek permission from the Court to offer certain admissible statements at sidebar.

Defendants' motion in limine to exclude evidence of other accidents, claims or lawsuits (Dkt. #61) is granted.  Counsel may seek permission from the Court to elicit such evidence at sidebar.

Plaintiff's motion in limine is granted in regard to the following paragraphs contained in Plaintiff's motion in limine (Dkt. #63): 1, 5 (except for comments made by Plaintiff), 6, 7 (as to liability phase), 8 (as to liability phase), 9 (as to liability phase), 10 (counsel may approach bench and ask for permission on the issue), 11, 12, 13 (as to liability phase), 14, 15 (unless such statements are directed to the evidence), 16 (as to both parties), 17, and 18.

Plaintiff's motion in limine is denied in regard to the following paragraphs contained in Plaintiff's motion in limine (Dkt. #63): 2, 3, 4, and 19.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Partially Unopposed Motion in Limine to Exclude Any Testimony by David Betts Regarding Any Defect In the Ladder (Dkt. #59) is **GRANTED**.

2. Defendants' Motion In Limine to Exclude Evidence of Other Accidents, Claims or Lawsuits and Supporting Memorandum of Law (Dkt. #61) is **GRANTED**.

3. Plaintiff's Motion in Limine and Supporting Memorandum of Law (Dkt. #63) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

**DONE** and **ORDERED** in Tampa, Florida on May 12, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-2299.mt lim 63.wpd